CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFERY T. LAWSON, | ) | CASE NO. 7:12CV00239 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| MAJOR HEMBREE, DOC DIRECTOR, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Jeffery T. Lawson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Lawson complains that the defendants, a local jail official and the director of the Virginia Department of Corrections (VDOC), violated Lawson's constitutional rights by not transferring him more quickly to a VDOC prison facility so that he could receive eye glasses before his release. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

I

Lawson alleges the following sequence of events. After his conviction and sentencing, Lawson was incarcerated at the Southwestern Virginia Regional Jail Authority jail facility in Duffield, Virginia ("the jail"). Lawson informed jail officials that he needed eye glasses, but the jail did not have an eye doctor. Officials told Lawson that he could see an eye doctor after he was transferred to a VDOC prison facility. On January 31, 2012, Lawson had a state court appearance and filed a motion asking to be transferred to the VDOC so he could get eye glasses. On February 3, 2012, the judge issued the following order in Lawson's case:

> It is Ordered that as soon as possible after the entry of this order that the
> defendant be removed and safely conveyed according to law from the Southwest

>Virginia Regional jail to the [VDOC], therein to be kept, confined and treated in
>the manner provided by law.

(ECF No. 1-1, p. 16)

For the next two months, Lawson filed grievances at the jail, asking to be transferred to the VDOC in accordance with the court's order. At some point after April 18, 2012, Lawson was transferred to Bland Correctional Center. Medical staff at Bland told Lawson that he could not see the eye doctor until he was "out of receiving." Lawson fears that he will be released before he completes the receiving process and will not be able to get glasses.

In his § 1983 complaint, Lawson sues Major Hembree, for "not making sure his jail [was] run right," and the VDOC Director, for not responding to Lawson's letter about the court's order that he be transferred as soon as possible. Lawson seeks monetary damages and medical care for his eyes.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must provide "more than labels and conclusions. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West

v. Atkins, 487 U.S. 42 (1988). Lawson's allegations simply fail to state any actionable claim under § 1983.

First, Lawson names the wrong defendants. Lawson does not state facts indicating that either the VDOC Director or the superintendent of the jail has any personal responsibility to determine when an inmate may be transferred from a local jail to a VDOC prison facility. These supervisory officials cannot be held automatically liable for their subordinates' actions or failure to act. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding doctrine of respondeat superior is inapplicable to §1983 actions). Likewise, Lawson fails to demonstrate that either of these officials was involved in determining whether Lawson had a serious medical need to be examined immediately by an eye doctor or to receive eye glasses. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (finding that prison officials may rely on opinion of medical staff as to the proper course of medical treatment for inmate's condition). Because Lawson's allegations do not indicate that the named defendants had any personal involvement in the alleged violations, he fails to state any § 1983 claim against them, and his complaint must be summarily dismissed, pursuant to § 1915A(b)(1).

Second, Lawson's allegations fail to state any actionable § 1983 claim against anyone at the jail or the VDOC. Lawson has no constitutional right to be housed in any particular type of prison. See Meachum v. Fano, 427 U.S. 215, 224 (1976); Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983). Therefore, the delay in transferring him from the jail to a VDOC prison did not violate his constitutional rights in any way. Moreover, the court's order, that Lawson be transferred as soon as safely possible to a VDOC facility, was entirely consistent with the minor delay that occurred. Most importantly, Lawson fails to state any facts showing that he had a serious medical need to see an eye doctor while at the jail or that any jail official knew he had

3

such a need. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that only prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment).

For the reasons stated, the court dismisses Lawson's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of June, 2012.

*James C. Turk*
Senior United States District Judge

4